IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00804-LTB-BNB

CELLPORT SYSTEMS, INC.,

    Plaintiff,

v.

RAYTEL, LLC, a Nevada corporation; and
FUNKWERK DABENDORF GmbH, a German corporation,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

    Plaintiff, Cellport Systems, Inc. ("Cellport"), and defendants, Raytel, LLC ("Raytel") and Funkwerk Dabendorf GmbH ("Funkwerk"), (collectively, the "Parties" and individually each a "Party"), hereby stipulate and agree as follows:

    1.    This Stipulated Protective Order governs the use and handling of certain documents, exhibits, and testimony produced or provided by the Parties in the above-captioned litigation (the "Case"), whether in response to a discovery request or otherwise.

    2.    A Party may designate material or information as CONFIDENTIAL INFORMATION after it makes a good faith determination that the material or information includes or constitutes: (a) a nonpublic trade secret; (b) proprietary or confidential research, development, personnel, financial, personal, tax, customer, or commercial information; or (c) information that the Party is under a duty to maintain in confidence.

    3.    With respect to CONFIDENTIAL INFORMATION contained in documents and tangible things, the Party producing, disclosing, or responding (the "Responding Party") shall visibly stamp or mark each and every separate page or item of CONFIDENTIAL

INFORMATION, regardless of form, with the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" without covering any text or other content of the document or thing.

4. With respect to CONFIDENTIAL INFORMATION furnished in the form of deposition testimony, the Responding Party shall appropriately designate such as CONFIDENTIAL INFORMATION on the record at the time the testimony is taken or in writing within thirty (30) days of receipt of the transcript of such deposition testimony, by reference to the specific portion of such transcript, identified by page and line numbers. The Parties shall treat all depositions as containing CONFIDENTIAL INFORMATION for a thirty-day (30) period after the Parties' receipt of the transcript of a deposition in the Case.

5. If testimony is designated as CONFIDENTIAL INFORMATION, the cover page and those portions of the original transcripts and all copies of deposition transcripts that contain CONFIDENTIAL INFORMATION shall bear the legend "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER."

6. With respect to CONFIDENTIAL INFORMATION furnished in the form of written discovery responses, the Responding Party shall appropriately designate such CONFIDENTIAL INFORMATION next to or above the response without covering the text of the response.

7. Any Party wishing to file CONFIDENTIAL INFORMATION with the Court shall comply with Rule 7.2 of the Local Rules of Practice for the United States District Court for the District of Colorado or any other rule governing the filing of motions to seal in the Case.

8.  The receiving party (the "Receiving Party") and its counsel shall not (unless directed or permitted by a court) disclose the Responding Party's CONFIDENTIAL INFORMATION, except as otherwise provided herein, to any person other than:

(a)  The Court, court personnel, court reporters, operators of remote feed locations for testimonial purposes, and persons operating video recording equipment at depositions in the Case.

(b)  Counsel who have appeared of record for a Party in the Case; partners, associates, legal assistants, or other employees of such counsel assisting in the prosecution or defense of this action; and in-house attorneys of any corporate Party assisting in the prosecution or defense of this action.

(c)  Deposition or trial witnesses in the Case and their counsel, and outside experts or consultants (and their employees) employed or retained by any Party or its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the Case; provided, however, that prior to disclosing CONFIDENTIAL INFORMATION to any person specified in this subdivision "(c)," the Receiving Party and its counsel shall first inform such person of the terms of this Stipulated Protective Order, shall give such person a copy of this Stipulated Protective Order, and shall obtain the written agreement of such person, in the form of the Declaration attached hereto, that they will be bound by this Stipulated Protective Order; and provided further that the Declaration of each such person shall be maintained by counsel authorizing the disclosure. The Declarations of persons identified pursuant to Rule 26(a)(2) and (3) of the Federal Rules of Civil Procedure may be inspected by counsel for the other Party upon reasonable request. The Declarations of all other persons may be inspected by counsel after the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals). Inspection

3

will not be required if to do so would reveal information protected by the attorney-client privilege or the work product doctrine.

    (d)    Any mediator in this action.

    9.    This Stipulated Protective Order shall not apply to any disclosure if: (a) prior written consent to such disclosure has been obtained from counsel for the Responding Party; or (b) permission for such disclosure has been given by the Court. Depositions in which CONFIDENTIAL INFORMATION will be disclosed shall be taken only in the presence of persons identified in Paragraph 8 of this Stipulated Protective Order, and pursuant to the requirements of Paragraph 8 of this Stipulated Protective Order. Such information shall not lose its confidential status through such use, and the Parties shall take reasonable steps to protect the confidentiality of such information during its use. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), CONFIDENTIAL INFORMATION may be offered in evidence at trial or at any Court hearing.

    10.    No copies of CONFIDENTIAL INFORMATION shall be made except by or on behalf of counsel for one of the Parties for work product purposes or for review by experts or witnesses in the Case. Any such copies shall be made and used solely for purposes of the Case.

    11.    During the pendency of the Case, counsel shall retain legal custody of CONFIDENTIAL INFORMATION and all copies made therefrom pursuant to Paragraph 10 above.

    12.    The Receiving Party may object to the designation of particular CONFIDENTIAL INFORMATION by giving written notice (an "Objection") to the Responding Party. All such objections shall be raised within thirty (30) days after receipt by the Receiving Party. The written notice shall identify the specific information to which the Objection is made. If the

Parties cannot resolve the issues set forth in the Objection, it shall be the obligation of the party ~~objecting to the designation of~~ <ins>designating</ins> the information as confidential to file, no later than forty-five (45) days from the date of the designation, an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is filed, the disputed information shall be treated as CONFIDENTIAL INFORMATION under the terms of this Stipulated Protective Order until the Court rules on the motion. If the ~~challenging~~ <ins>designating</ins> party fails to file such a motion within the time period specified above, the disputed information shall ~~maintain~~ <ins>lose</ins> its designation as CONFIDENTIAL INFORMATION and shall <ins>not</ins> be treated as CONFIDENTIAL INFORMATION in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the <ins>designating the</ins> party ~~challenging the designation of~~ information as "CONFIDENTIAL INFORMATION" shall bear the burden of <ins>establishing that good cause exists for the</ins> ~~proving by a preponderance of the evidence that disclosure of the subject~~ <ins>information to be treated as Confidential.</ins> ~~information outside the scope of the Case would not significantly harm the Responding Party and would be in the public interest.~~

13.     The inadvertent or unintentional disclosure of CONFIDENTIAL INFORMATION to the Requesting Party shall not preclude the Responding Party from later designating such information as "CONFIDENTIAL INFORMATION," provided that it shall not be considered a violation of this Order to disclose such undesignated CONFIDENTIAL INFORMATION any time prior to the Responding Party's designation of such information as "CONFIDENTIAL INFORMATION." In the event that the Responding Party inadvertently fails to stamp or otherwise to designate information as "CONFIDENTIAL INFORMATION" at the time of its disclosure, the Responding Party shall not be deemed to have waived its right to stamp or otherwise to designate the information as "CONFIDENTIAL INFORMATION."

5

14. Unless the parties agree otherwise, CONFIDENTIAL INFORMATION shall not be filed with or referred to in documents filed with the Court, other than in one of the following three manners: (a) in a generic manner that does not permit identification of specific confidential information contained within the CONFIDENTIAL INFORMATION; (b) on the public record, pursuant to Paragraph 9 above; or (c) under seal pursuant to Paragraph 7 above.

15. In the event that any CONFIDENTIAL INFORMATION is used in any court proceeding, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

16. CONFIDENTIAL INFORMATION shall be used by the Receiving Party only for the purpose of the prosecution, defense, or settlement of the Case, including any and all appeals and re-trials, and for no other purpose whatsoever. Accordingly, the Receiving Party shall not use, permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION, or any information contained therein, for any purpose whatsoever except for the Case, in accordance with this Stipulated Protective Order. It is specifically understood that the Receiving Party shall not use or permit, encourage, or allow any other person to use any CONFIDENTIAL INFORMATION to achieve economic gain, to compete with, or to cause economic harm to the Responding Party.

17. In the event the Receiving Party receives a subpoena (or other lawful and enforceable order issued by any court or agency) regarding or requiring the production of any CONFIDENTIAL INFORMATION, that Party shall provide prompt written notice of such subpoena or request to the Responding Party, who may contest such subpoena or request for any CONFIDENTIAL INFORMATION subject to the provisions of this Stipulated Protective Order, or may otherwise take whatever lawful measures are necessary and appropriate at its own

expense to protect the Responding Party's interests in the confidentiality of such material. The Receiving Party shall reasonably cooperate with the Responding Party in its efforts to protect the CONFIDENTIAL INFORMATION from disclosure; provided that this Order shall not be interpreted to preclude the Receiving Party from complying with any such subpoena or lawful order that has not been quashed or set aside.

   18. Except as otherwise agreed in writing by the Parties, within sixty (60) days of the conclusion of the Case (*i.e.*, settlement, summary judgment, trial, and/or all appeals), the Receiving Party and its counsel shall exercise their best efforts to ensure that all CONFIDENTIAL INFORMATION in the possession of the Receiving Party, and all copies thereof, produced by the Responding Party or otherwise obtained from the Responding Party, shall be promptly returned to the Responding Party, or, at the written request of the Responding Party, destroyed. If the CONFIDENTIAL INFORMATION is destroyed, the Receiving Party's counsel shall provide the Responding Party's counsel with a certificate identifying the CONFIDENTIAL INFORMATION so destroyed, without disclosing its contents. Notwithstanding any other provision of this Paragraph to the contrary, each lead attorney for each Party shall have the right to maintain in his files exactly one copy of each document containing CONFIDENTIAL INFORMATION produced by the other Party for a period of no greater than ten (10) years following the conclusion of the Case, after which such attorney shall destroy all such CONFIDENTIAL INFORMATION, and no person other than the lead attorney and his partners, associates, legal assistants, or other employees may be given access to such CONFIDENTIAL INFORMATION during such ten-year period, unless access is required to comply with an order of a court having competent jurisdiction.

19. Nothing contained in this Stipulated Protective Order, nor any action taken in compliance with it, shall operate as an admission or assertion by a party or a witness that any particular material or information is, or is not, confidential. Any Party may request that the Court modify or otherwise grant relief from any provision of this Stipulated Protective Order, provided that the opposing Party has a full and fair opportunity to present its position to the Court with regard to the relief requested.

20. This Stipulated Protective Order is entered into solely for purposes of facilitating the exchange of documents and information between the parties to the Case. Nothing in this Stipulated Protective Order shall operate as an admission or assertion by any Party that any particular material is, or is not, admissible in evidence. Nothing in this Order shall be interpreted to preclude or to limit any Party or witness from making and pursuing objections to relevancy, admissibility, or discovery regarding any material, or from making and pursuing any other objection authorized by applicable rule, law, order, or statute.

21. Material produced by any Party or a witness prior to the entry of this Stipulated Protective Order by the Court shall be subject to the provisions of this Stipulated Protective Order to the same extent as if such Stipulated Protective Order had been entered by the Court as of the date such material was produced.

22. Nothing in this Stipulated Protective Order shall be interpreted to prevent or to restrict a Party from using or disclosing its own material (including its own CONFIDENTIAL INFORMATION) in any manner whatsoever.

23. Nothing in this Stipulated Protective Order shall be construed as a waiver of any rights by any Party or a witness with respect to matters not specifically provided for herein,

including, but not limited to, a waiver of the attorney-client privilege, the work product doctrine, and/or any other privilege or similar doctrine.

24. This Stipulated Protective Order shall survive the termination of the Case.

25. By signing below, counsel represent and warrant that they have discussed this Stipulated Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Stipulated Protective Order. In the event that additional individuals or entities become parties to the Case, such parties shall be required to agree in writing to the terms of this Stipulated Protective Order prior to receiving any CONFIDENTIAL INFORMATION, or any portion thereof.

26. Nothing in this Stipulated Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL INFORMATION shall be treated at trial.

27. ~~In the event the Court does not execute this Stipulated Protective Order, this Stipulated Protective Order shall nonetheless be binding as an enforceable contract between the Parties and their respective counsel, effective immediately upon execution by counsel for the Parties hereto.~~

SO ORDERED this 27th day of Sept., 2005.

_____
Boyd N. Boland
United States Magistrate Judge

STIPULATED AND AGREED TO BY:

Dated:  September 23, 2005                              Dated:  September 23, 2005

s/Janet S. Drake                                        s/Sandra B. Wick
Stanley L. Garnett                                      Richard C. Kaufman
Jeanine M. Anderson                                     John H. Tatlock
Janet S. Drake                                          Sandra B. Wick
Brownstein Hyatt & Farber, P.C.                         McKenna Long & Aldridge LLP
410 Seventeenth Street, 22nd Floor                      1875 Lawrence Street, Suite 200
Denver, CO  80202                                       Denver, CO  80202
Tel: (303) 223-1100                                     Tel: (303) 634-4000

ATTORNEYS FOR PLAINTIFF,                                ATTORNEYS FOR DEFENDANTS,
CELLPORT SYSTEMS, INC.                                  FUNKWERK DABENDORF GmbH AND
                                                        RAYTEL, LLC

## DECLARATION

STATE OF COLORADO ) 
                              ) ss.
COUNTY OF             )

_____ affirms and states under penalty of perjury:

    1.     I have read the Stipulated Protective Order in *Cellport Systems, Inc., Plaintiff, v. Raytel, LLC, and Funkwerk Dabendorf GmbH, Defendants* (the "Case"), a copy of which is attached to this Declaration.

    2.     I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Declaration have been designated as "CONFIDENTIAL INFORMATION," as defined in the Stipulated Protective Order.

    3.     I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any CONFIDENTIAL INFORMATION shown or told to me except as authorized in the Stipulated Protective Order, so long as such CONFIDENTIAL INFORMATION is subject to the Stipulated Protective Order. I will not use the CONFIDENTIAL INFORMATION for any purpose other than the Case, so long as such CONFIDENTIAL INFORMATION is subject to the Stipulated Protective Order.

    4.     For the purpose of enforcing the terms of the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the court in the Case.

    5.     I will abide by the terms of the Stipulated Protective Order.

    6.     I understand that my duties to preserve the confidentiality of CONFIDENTIAL INFORMATION pursuant to the terms and conditions of the Stipulated Protective Order shall survive the conclusion of the Case.

 

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

Telephone No.: (____) _____

DN:32109796.1